## Bloomington Lodge No. 281, B. P. O. of E., Appellee, v. W. H. Roland, Appellant.

1. EASEMENTS, § 9*—*how easements are conveyed.* Where the owner of premises creates conditions for the benefit of certain portions of such premises which are reasonably necessary for the use and occupation of the same and which amount to easements on or over certain other parts of the same premises, and afterwards sells or leases to another the portion of the premises so benefited, the conveyance of such portion, whether in fee or for years, carries with it the easements so created for its benefit, whether such easements are expressly mentioned in the conveyance or not, and the balance of such premises, whether still held by the original owner

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or some one under him, is charged with and burdened by such easements.

2. LANDLORD AND TENANT, § 156*—*tenant's right to light and air.* A lessee of a part of a building takes the right to have light and air through the windows of the building as it is then constructed, and one who leases another floor of such building takes the premises charged with such easement for light and air.

3. LANDLORD AND TENANT, § 172*—*when alterations by one tenant will not be enjoined.* A court of equity will not, at the suit of one tenant, enjoin another of a lower floor of the same premises from making an addition to such premises merely because the addition will interfere with an existing fire escape used by complainant in removing garbage, where there is nothing to show that the fire escape was ever intended as a means of ingress and egress to and from complainant's floor, or that it was reasonably necessary or highly convenient as a fire escape for the occupants of complainant's floor, or was constructed for the purpose of conveying garbage from or anything to such floor, but does show that such fire escape does not reach the ground and is not connected with any door by which entrance can be made into or out of complainant's floor.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

STONE & DICK, for appellant.

LIVINGSTON & WHITMORE, for appellee; SIGMUND LIVINGSTON, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

A Mrs. Braley is the owner of a three-story brick building and the lot on which it stands, located at 113 West Jefferson street in the City of Bloomington. The lot is 22 feet wide and 110 feet long. The building was as wide as the lot and about 80 feet long. The rear 30 feet of the lot was vacant. On August 31, 1915, the owner leased the entire premises to one C. D. Twaddle for the term of 20 years from March 1,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1916. On April 20, 1916, Twaddle sublet the third story of the building to the Woolworth Company, who owned a three-story building on an adjoining lot. On the same day the Woolworth Company leased to appellee the third floor of the two buildings for lodge purposes, and it has since occupied the same therefor. The rear room of the third floor of the Braley building is used by appellee as a lunch and card room and is lighted by windows in the rear end of the building opening on the unoccupied portion of the Braley lot, that has been spoken of by counsel as a court. There is no door opening from the third floor of the Braley building on to this court. On July 12, 1916, Mrs. Braley, the owner of the building, Mr. C. D. Twaddle, her tenant, and appellant made an agreement by which the lease of Twaddle was assigned to appellant, and appellant was given the right to make certain improvements at his own expense. Appellant's lease was by its terms subject to all existing leases. In the early part of 1919 appellant began the erection of an addition to the Braley building covering the portion of the rear end of the premises which the original building did not cover. When this building had progressed to about the second story, this suit was begun by appellee to restrain appellant from erecting the proposed addition, "claiming an easement for light and air across said open court, also an easement to use the fire escape in transferring refuse from its kitchen to a garbage box on the alley." The language is quoted from the statement of the case by appellant in his brief and argument filed in this court.

The circuit court sustained the contention of appellee as to its easement for light and air and ordered that appellant should not construct the proposed building above the third floor of the original building or so as to interfere in any way with the passage of light and air through the windows of the third story opening on to said court, but held that appellee had no

"easement across the open court in question as a means of transferring garbage through the windows of the third floor and out to the alley." The language quoted here is taken from the statement of facts in the argument of appellant filed in this court. Roland appealed from so much of the decree as restrained him from building the addition higher than the floor of the second story of the original building and appellee has assigned cross errors as to that part of the decree in which it is held that it has no easement out of the back windows of the third story of the main building and over the court for conveying garbage to the alley.

Appellant says: "The principal question involved in this case is whether or not there may be an implied easement for light and air in this State, and if so, whether or not the present case presents the situation where such an easement would be implied."

In *Feitler v. Dobbins,* 263 Ill. 78, the Supreme Court says: "Where the owner of entire premises arranges for ways, light, etc., for the benefit of the different parts or portions of the premises, and afterwards the premises are severed and the title vested in separate owners, each grant will carry with it, *without being specifically mentioned,* the rights, burdens and advantages imposed by the owner prior to such severance. The doctrine is founded upon the principle that the conveyance of a thing *imports* a grant of it as it actually exists at the time the conveyance is made unless a contrary intention is manifested in the grant."

In *Adams v. Gorden,* 265 Ill. 87, the court says: "The rule is, where the owner of lands divides his property into two parts and disposes of one part, he *by implication* includes in his grant *all such easements* in the remaining part *as were necessary for the reasonable enjoyment of the part which he grants* in the

form in which it was at the time he transferred the property, the general rule of law being, that when a party grants a thing, he by *implication* grants *whatever is incident to it.* * * * And it is not necessary that the easement claimed by the grantee be absolutely necessary to the use and enjoyment of the property; 'it is sufficient if it is highly convenient and beneficial therefor.' * * * Where an owner sells a portion of his land he is presumed to intend that the purchaser shall take it in its then condition." The court then cites and quotes from *Feitler v. Dobbins, supra.*

In *Sprenzel v. Windmueller,* 286 Ill. 411, the court says: "Where the owner of land divides it and sells one part, he *by implication* includes in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form they were at the time he transferred the property."

In *Powers v. Heffernan,* 233 Ill. 597, the court says: "The law seems to be well settled that the disposition and arrangement of two heritages, or of one heritage consisting of several parts, belonging to one owner, for ease and convenience with reference to ways, light, etc., made during unity of seizin, which are apparent and continuous and necessary to the reasonable enjoyment of the several parts thereof, will be an easement upon the severance of title as to the different parts thereof, and upon a grant of a portion by the owner of the fee each portion of the several premises will be subject to the burdens and advantages imposed or conferred upon the different parts of the premises."

Numerous other cases in the courts of this and other States could be cited to the same effect as those already quoted from, but it seems unnecessary. Whatever may be the holdings in some of the courts in some other jurisdictions, the law is well settled in this State

that where the owner of premises creates conditions for the benefit of certain portions of such premises and which are reasonably necessary for the use and occupation of the same and which amount to easements on or over certain other parts of the same premises, and afterwards sells or leases to another the portion of said premises so benefited, the conveyance of such portion whether in fee or for years carries with it the easements so created for its benefit whether such easements are expressly mentioned in the conveyance or not, and that the balance of such premises, whether still held by the original owner or by some one under him, is charged with and burdened by such easements so created. In the case at bar, appellee by operation of law took under its lease the third floor of the Braley building as it was then constructed, including the right to have light, and air through the windows at the rear end of that floor, and appellant took under his lease the rest of the premises described, or, in other words, the part of the premises which appellant took under his lease was charged and burdened with the easement for light and air which went to appellee under his lease to the third floor of that building, and the circuit court correctly so held.

If we understand the contention of appellee under its assignment of cross errors, it is, first, that the circuit court did not by its decree prohibit the building of the addition in the court to any height whatever, because the addition, if built, would necessitate the changing of the fire escape from the rear end of the original building to the rear end of the proposed addition, and, second, because the court was constructed for the advantage and service of the occupants of all the floors of the building.

We find no proof in the record to sustain either of these contentions. There is nothing to show that the fire escape was ever intended as a means of ingress

and egress to and from the third floor of the building in the sense in which that term is used in the law of easements, nor that it was reasonably necessary or "highly convenient" as a fire escape for the use of the occupants of the said third floor of the Braley building, as distinguished from a mere convenience. *Powers v. Heffernan*, 233 Ill. 597; *Wells v. Garbutt*, 132 N. Y. 430. It is quite evident it was not constructed for such purpose for it neither reached the ground nor was it connected with any door by which entrance could be made into or out of the third floor of the building. Neither is there anything to show that it was constructed for the purpose of conveying garbage from or anything to the third floor of the building.

Courts of equity have undoubted jurisdiction to determine the rights of parties to easements running with interests in real estate and to enjoin the obstruction of a private easement. *Feitler v. Dobbins, supra,* and the facts in this case show ample cause for interference by the court in appellee's behalf to restrain the obstruction of its rights to light and air in question. The assessment of costs was within the sound discretion of the chancellor, and we see no reason for holding that in assessing all of the costs to appellant, that discretion was abused.

The decree of the circuit court is affirmed.

*Decree affirmed.*