ORCHARD BROOK HOME ASSOCIATION, INC., Plaintiff-Appellee, *v.* JOSEPH KEIM LAND DEVELOPMENT CORPORATION, Defendant-Appellant.

Second District   No. 77-329

Opinion filed November 6, 1978.

Rathje, Woodward, Dyer & Burt, of Wheaton (Terence Kalina, of counsel), for appellant.

John M. Berent & Associates, of Wheaton (David M. Hochberg, of counsel), for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Joseph Keim Land Development Corporation, appeals from a judgment entered against it for $16,609.63 in favor of plaintiff, Orchard Brook Home Association, Inc., in an action brought by plaintiff seeking to enforce the payment of subdivision assessments against land owned by defendant. Defendant contends (1) that it is a "declarant" and thus exempt from the payment of assessments; (2) that, in any event, such assessments may not be applied to the type of property it owns; (3) that

plaintiff failed to follow the prescribed procedures for imposing the assessment; and (4) that plaintiff has waived its right to enforce the subdivision convenant permitting assessments and is estopped from doing so.

Daniel E. Harper, a land developer, acting through the D. Harper Corporation, purchased approximately 137 acres of land in 1963 located within the Village of Downers Grove. Harper's plans to subdivide the property for residential development were approved by the village and on December 11, 1964, a "Declaration of Covenants and Restrictions" was filed by the D. Harper Corporation in the office of the recorder of deeds of Du Page County. The terms of the declaration essentially determine the resolution of the issues presented in this appeal.

The preamble of the declaration stated that the D. Harper Corporation, referred to therein as declarant, was the owner of the property and desired to create a residential community with parks and playgrounds, open spaces and common facilities for the benefit of the property and each owner thereof. In order to provide such common areas and facilities it stated that the property would be subject to covenants, restrictions, easements, charges and liens and it further provided for the creation of an agency, to be incorporated by declarant, known as the Orchard Brook Home Association (hereinafter referred to as the Association), plaintiff herein. The function of the Association, as provided in the declaration, was to maintain and administer the common areas and facilities and to enforce the covenants and restrictions imposed by the declaration. The assignment of authority to the Association by the declarant included the power to impose and collect assessments on the property as may be necessary to construct and maintain the common areas and facilities. It also provided that the declarant would convey land to be used for the common areas to the Association for those purposes. Subject to certain exemptions from assessment, hereinafter described, each and every purchaser of a lot by acceptance of a deed covenanted and agreed to pay to the Association the assessments made by it, pursuant to the declaration, for the described purposes.

The D. Harper Corporation thereafter subdivided and sold substantial portions of the land owned by it and covered by the terms of the declaration, primarily to other developers and builders. The properties which are the subject of this litigation were sold to a development group known as Kiney, Sproat and Fitzsimmons and consisted of 23 subdivided lots and certain unplatted tracts of land. These developers further subdivided the land they had purchased into unit areas known as Orchard Brook, Orchard Brook North, Orchard Brook West and Orchard Brook South and developed them in accordance with the plan which had been previously approved by the Village of Downers Grove for the D. Harper Corporation. Kiney, Sproat and Fitzsimmons

also sold lots to other builders and over 100 of such subdivided lots were purchased by the defendant, Joseph Keim Land Development Corporation.

The Association was incorporated by Harper in 1965 as a not-for-profit corporation as provided in the declaration. In 1967 the Association adopted resolutions imposing assessments on all subject property and again in 1971 it adopted a resolution levying a $150 assessment on each lot owned by builders, including defendant. The resolution provided that the assessment was payable commencing one year after a lot was acquired or building thereon commenced, whichever came first. Defendant declined to pay the assessments claimed due from it by the Association and this litigation followed.

Defendant initially contends that the lots it owns within the territory subject to the covenants and restrictions of the declaration are exempt from assessment as defendant is a declarant under the terms of that document. Article I, section 1(g) defines a declarant as follows:

"The term 'Declarant' as used herein shall be deemed to include the D. HARPER CORP. and also any individual person, firm or corporation, who acquired from the D. HARPER CORP. by acceptance of Deed or Deeds therefor a minimum of ten (10) lots at the same time or in a single transaction, within The Properties. Such acquisition must be made by a single entity and the conveyance must consist of at least ten (10) lots to such entity prior to such entity qualifying as declarant."

Article IV, section 11 then describes those properties which shall be exempt from the assessments, charges and liens created by the declaration as including "(a) All properties owned by Declarant."

Defendant argues that the benefit of the exemption from paying assessments attached as a covenant to the land and was then conveyed by the D. Harper Corporation to the partnership of Kiney, Sproat and Fitzsimmons by deeds which granted all right, title and interest in the subject property, including the exemption appurtenant thereto. Defendant asserts it then acquired the property from Kiney, Sproat and Fitzsimmons exempt from the covenant to pay assessments. (*Bloomington Lodge No. 281 v. Roland* (1920), 217 Ill. App. 435, 439-40; *Keogh v. Peck* (1925), 316 Ill. 318, 147 N.E. 266.) Plaintiff, however, contends the exemption established by the declaration was personal to those described therein as declarants and did not attach to and run with the land to subsequent owners.

■■ In the absence of ambiguity, a court must seek to construe a contract or other document to give effect to the intent of its maker (*Richards v. Liquid Controls Corp.* (1975), 26 Ill. App. 3d 111, 120, 325 N.E.2d 775,

781; *Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 904, 278 N.E.2d 813, 816) and will apply the everyday meaning of the language used therein to that end. In our view, the provisions of the declaration with which we are concerned are not ambiguous in the terms by which they limited the benefit of the exemption from paying assessments solely to the original developer, D. Harper Corporation, and to any person, firm or corporation who acquired "from the D. HARPER CORP. by acceptance of Deed or Deeds therefor" 10 lots, or more, in a single transaction. D. Harper Corporation and those to whom it made such a conveyance were classed as declarants by definition of article I, section 1(g) of the declaration and properties owned by such a declarant were exempted from assessments by article IV, section 11(a).

■■ It is apparent the properties owned by defendant do not enjoy the exempt status urged as defendant did not acquire them directly from D. Harper Corporation and is not a declarant as defined by the declaration. D. Harper Corporation, in providing for exemptions from assessments, carefully limited them by the terms of the declaration to itself and to those parties to whom it made a direct major sale of land. The exempt status does not purport to attach to or benefit the land but, instead, is a personal exemption inuring to the benefit of those described categories only. (See *Mangini v. Oak Park Trust & Savings Bank* (1963), 43 Ill. App. 2d 318, 323, 193 N.E.2d 479, 481; *Fox Lake Hills Property Owners Association v. Fox Lake Hills, Inc.* (1970), 120 Ill. App. 2d 139, 145, 256 N.E.2d 496, 499.) Defendant's argument that the exemption granted by the declaration was intended to establish a covenant benefiting the land and, therefore, run to the benefit of subsequent owners of the land loses vitality when it is noted that D. Harper Corporation owned all the land when the declaration was filed. One might then also argue that *all* of the land was exempt from assessment and wonder to what purpose the original owner filed the declaration.

Nor are we persuaded by the general provision of article VI, section 3 of the declaration that D. Harper Corporation intended the exemption from assessments to pass from the declarants to all subsequent owners of the land. Section 3 states "[t]he covenants and restrictions of this Declaration shall run with and bind the land, and shall inure to the benefit of and be enforceable by ORCHARD BROOK HOME ASSOCIATION, or the Owner of any land subject to this Declaration* * *." To hold as defendant urges would absolutely defeat the purpose of the declaration to provide and maintain parks, playgrounds, open spaces and other common facilities. The assessments which defendant seeks to avoid are, of course, the only means by which these facilities are provided. As we have previously suggested, to extend the exemption beyond declarants to

all the land and its successive owners would be to nullify the declaration. That, certainly, was not the intent of its maker and we will not so hold. *Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 278 N.E.2d 813.

Defendant contends also that the property owned by it is not of the type made subject to assessments by the declaration.

While conceding that by article IV, section 1 of the declaration each purchaser of land, other than a declarant, by acceptance of a deed covenanted to pay to the Association all annual or special assessments established by the Association, defendant asserts such promise may only be applied to "improved property" and that it does not own that type of land.

Article I, section 1(f) of the declaration defines improved property to be any lot or tract of land owned by someone other than a declarant on which a residence or other building has been erected. It provides further that if a building improvement has not been commenced within one year after conveyance of the property to the owner by a declarant, then such lot or tract shall be deemed, nonetheless, to be improved property. Defendant's contention the covenant to pay assessments does not apply to the lots owned by it as they were not acquired by it from a declarant and were, in part, unsubdivided tracts of land when purchased from D. Harper Corporation by Kiney, Sproat and Fitzsimmons is without merit.

By definition, Kiney, Sproat and Fitzsimmons were accorded the status of declarant by their purchase of 10 lots or more in a single transaction from D. Harper Corporation. Those developers then conveyed lots to defendant and the assessments of which defendant complains were levied against each of defendant's lots only after it had been held by defendant in an unimproved condition for one year in accordance with article I, section 1(f) of the declaration. As defendant's property was then considered as improved and was of the type subject to the annual assessment levied against it by plaintiff, we conclude defendant may not avoid liability on this basis.

Finally, defendant contends it has no liability to pay assessments asserting they were not imposed by the Association in accordance with the declaration and, further, that plaintiff is estopped from requiring payment of assessments by its acquiescence in prior violations of the covenant by failing to enforce it. Plaintiff, however, suggests defendant may not assert these defenses as they were not properly raised by its pleadings.

■ Although in its complaint plaintiff alleged it had performed all conditions and requirements imposed upon the Association by the declaration, defendant's answer did no more than deny it was obligated to plaintiff and assert that defendant, too, had performed the conditions

required of it. Nor did defendant, by its pleading, seek to interpose the affirmative defenses of estoppel or waiver.

Supreme Court Rule 133(c) provides:

> "Condition Precedent. In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, the facts must be alleged in connection with the denial showing wherein there was a failure to perform." (Ill. Rev. Stat. 1971, ch. 110A, par. 133(c).)

In absence of the further allegation of facts by defendant demonstrating in what manner plaintiff failed to carry out the provisions of the declaration prerequisite to adopting its resolution imposing assessments upon the subject property, the general denial will be treated as an admission under the pleadings. *Moore v. Schoen* (1942), 313 Ill. App. 367, 370, 40 N.E.2d 562, 563; *McCuan v. Claro* (1943), 319 Ill. App. 520, 49 N.E.2d 321 (abstract).

■ In addition, section 43(4) of the Civil Practice Act provides:

> "The facts constituting any affirmative defense, such as * * * fraud, * * * estoppel, * * * illegality, that an instrument or transaction is either void or voidable in point of law * * * and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, * * * in whole or in part, and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply." (Ill. Rev. Stat. 1971, ch. 110, par. 43(4).)

In trial, over plaintiff's objection, defendant was permitted to introduce evidence seeking to establish plaintiff had failed to explicitly follow certain of the procedures and conditions required by the Declaration in imposing assessments upon the subdivision property. As this court stated in *Alco Standard Corp. v. F. & B. Manufacturing Co.* (1970), 132 Ill. App. 2d 24, 28, 265 N.E.2d 507, 510, "[t]his defense was not pleaded. An affirmative defense must be raised in the trial court pleadings, and a defense not properly pleaded is deemed waived, even though it may appear to be within the evidence. [Citations.]" It is also well settled that both waiver and estoppel are affirmative defenses which are waived if not specially pleaded. *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 962, 372 N.E.2d 829, 832.

■ Defendant argues that plaintiff may not rely upon these rules to avoid consideration on appeal of the issues actually heard and passed upon by the trial court. It contends that so long as the issues were raised by

defendant's denial and evidence was introduced relating to them that nothing more is required. We do not share that view. The trial court was not required in these circumstances to permit defendant to introduce evidence relating to issues not raised by its pleadings and we will not consider them further on review even though some evidence relating to such defenses may have appeared in the evidence. See *Parker v. Dameika* (1939), 372 Ill. 235, 237, 23 N.E.2d 52, 53.

We note, however, that the trial court in its judgment order specifically found that defendant did not prove the Association failed to comply with the provisions of the declaration in imposing the assessments on the subject property nor was it estopped by any conduct on its part from recovering assessments due from defendant. After reviewing all of the record we conclude the trial court's findings were in no respect contrary to the manifest weight of the evidence.

For these reasons we find that the judgment of the Circuit Court of Du Page County must be affirmed.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.