DRAGON CONSTRUCTION, INC., Plaintiff-Appellee and Cross-Plaintiff-Appellee, v. PARKWAY BANK AND TRUST, Trust, *et al.*, Defendants (William C. Rieck *et al.*, Counterplaintiffs-Appellants; National American Insurance Company, Cross-Defendant-Appellant).

First District (1st Division)    Nos. 1—92—3019, 1—94—2185 cons.

Opinion filed March 17, 1997.

McCullough, Campbell & Lane, of Chicago (Henry T. French, Jr., of counsel), for appellants William C. Rieck and Shirley V. Rieck.

Alan I. Boyer and Wayne B. Addis, both of Skokie, for appellant National American Insurance Company.

Stone, Pogrund, Korey & Spagat, of Chicago (Ilene F. Gleicher and Irving B. Ribstein, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Dragon Construction, Inc. (Dragon), brought this action seeking a declaratory judgment as to the rights and obligations of Dragon, William C. Rieck and Shirley V. Rieck (the Riecks), and National American Insurance Company (NAIC) under an agreement whereby NAIC issued surety bonds for construction work Dragon was hired to do for the Riecks. The Riecks filed a cross-claim against NAIC and Dragon, and NAIC filed a counterclaim against Dragon. The trial court granted Dragon's motion for summary judgment and dismissed both the Riecks' cross-claim and NAIC's counterclaim, finding that the surety bonds were null and void. The Riecks appealed, raising the following issues: (1) whether the trial court erred in finding that there was no genuine issue of material fact and that the surety bonds were null and void as a matter of law; and (2) whether NAIC waived its right to declare a forfeiture of the bonds.

While the Riecks' appeal was pending, the trial court granted Dragon's motion for the release of a $30,000 letter of credit Dragon issued to NAIC to collateralize the surety bonds. NAIC appealed that decision, claiming that the trial court was without jurisdiction to issue that order. This court consolidated the two appeals.

In October 1988, the Riecks hired Dragon to build a hardware store in Park Ridge, Illinois. The contract between the Riecks and Dragon (the construction contract) required Dragon to obtain a performance bond and a materials and labor bond for the project. Dragon obtained the bonds from NAIC. The Riecks paid NAIC $25,000 for the bonds, and Dragon issued a letter of credit in the amount of $30,000 as collateral.

Under the terms of the construction contract, the Riecks were entitled to terminate the contract if Dragon failed to supply enough workers, failed to pay subcontractors, disregarded relevant laws and regulations, or breached a substantial provision of the contract. In order to exercise their right to terminate the contract upon the occurrence of any of these conditions, the Riecks were required to (1) obtain certification from their architect that sufficient cause existed

to justify the termination, and (2) give Dragon and NAIC seven days' written notice prior to the termination.

The performance bond obtained by Dragon from NAIC incorporates the construction contract by reference. It further provides that if Dragon promptly and faithfully performs under the construction contract, NAIC's obligation under the performance bond "shall be null and void, otherwise, it shall remain in full force and effect." If, on the other hand, Dragon's contract is terminated, NAIC may either complete the contract in accordance with its provisions or obtain bids from other contractors and select the lowest responsible bidder.

The original completion date for the project was April 12, 1989, but that date was later extended to July 12, 1989. The store was set to open on September 1, 1989, the same date that the Riecks' lease on their old store expired. Progress on the project was slow, and the Riecks continuously asked Dragon to provide more workers so the store could be completed on time. On July 27, 1989, 15 days after the deadline for completion, the project was still unfinished, and the Riecks terminated Dragon for failure to provide enough workers and for substantial breach of contract. Some time prior to July 27, the Riecks' architect, Jeffrey Finkle, contacted other general contractors about taking over the project, and on July 27, the Riecks hired Solarcrete Energy Efficient Building Construction, Inc. (Solarcrete). Solarcrete began work on the project the next day.

On August 1, 1989, the Riecks sent NAIC notice that "[d]ue to intolerable lack of progress and pursuant to the certification of architect Jeffrey Finkle, we have been compelled to replace Dragon Construction Company." The notice further stated that Finkle was still taking competitive bids for the project and requested that NAIC contact Finkle "for details with respect to the bidding of the remaining work." Finkle testified in his deposition, however, that he never took competitive bids after Solarcrete was hired. No general contractor other than Solarcrete was ever hired. NAIC did not contact Finkle until October 23, 1989, after the store was completed.

On August 24, 1989, Dragon brought an action in the chancery division of the circuit court of Cook County against the Riecks, NAIC, and Parkway Bank and Trust Company (Parkway), the record title owner of the real estate in question and the obligee of the NAIC surety bonds. Dragon sought to recover for the work already completed, either pursuant to a mechanic's lien or under a *quantum meruit* theory. On March 15, 1990, Dragon amended its complaint to add a count for a declaratory judgment as to the various parties' rights and obligations under the surety bonds. On April 9, 1990, the Riecks filed a cross-complaint against Dragon and NAIC for breach of

contract, seeking damages in the amount of $224,175.30. On May 18, 1990, NAIC filed a counterclaim against Dragon for indemnification.

On October 24, 1991, Dragon filed a motion for summary judgment on the declaratory judgment count, seeking a determination of the parties' rights and obligations under the surety bonds. On July 17, 1992, the trial court granted Dragon's motion for summary judgment and dismissed both the Riecks' cross-claim and NAIC's counterclaim. The court found that the surety bonds were null and void because Parkway and the Riecks (1) failed to properly and promptly notify NAIC of Dragon's termination, and (2) violated the construction contract and the performance bond by engaging a successor contractor prior to giving notice of Dragon's termination to NAIC. Dragon's mechanic's lien and *quantum meruit* claims remained, but the trial court found no just reason to delay enforcement or appeal of its ruling on the declaratory judgment claim. On August 14, 1992, the Riecks filed their notice of appeal.

The trial court's July 17, 1992, ruling also provides that, "[a]fter the time of appeal has expired," NAIC must release the letter of credit funds in the amount of $30,000 to the First American Bank— Golf Mill, which in turn shall release the money to Dragon. It further states, "[i]n the event an appeal of this order is taken, this paragraph shall be stayed." On December 15, 1994, while the Riecks' appeal of the July 17, 1992, order was pending, the trial court ordered that the letter of credit funds be released. NAIC filed its notice of appeal. On December 19, 1994, this court consolidated the Riecks' appeal of the trial court's July 17, 1992, order with NAIC's appeal of the trial court's December 15, 1994, order.

The Riecks first contend that the trial court erred in granting summary judgment on Dragon's declaratory judgment claim, because genuine issues of material fact exist as to whether the Riecks committed a material breach of contract thus rendering the surety bonds null and void. Summary judgment is proper when the pleadings, depositions, affidavits, admissions, and other matters on file demonstrate that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1992). A reviewing court examines the propriety of summary judgment *de novo. Delaney v. McDonald's Corp.*, 158 Ill. 2d 465, 467, 634 N.E.2d 749, 750 (1994). If the material presented to the trial court would constitute all of the evidence and would require the trial judge to direct a verdict for the moving party, summary judgment should be granted. *Fooden v. Board of Governors of State Colleges & Universities*, 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500 (1971).

■ The Riecks claim that genuine issues of material fact exist

because the trial court was presented with evidence that (1) Dragon failed to comply with the time requirements of the contract, (2) NAIC failed to respond to the late notice of Dragon's termination, (3) the Riecks believed the notice was sufficient, and (4) the Riecks intended to enforce the bond. However, none of these facts are relevant to the question of whether the surety bonds are null and void due to a material breach of contract by the Riecks. The relevant facts are that the Riecks failed to give seven days' notice of Dragon's termination to NAIC, and they hired a successor contractor without consulting or even informing NAIC. These facts are undisputed. Thus there were no genuine issues of material fact, and the question raised by Dragon's declaratory judgment claim as to the parties' rights and obligations under the performance bond was a question of law. Therefore, the trial court did not err in resolving that question by way of summary judgment.

The Riecks contend that their failure to provide the seven-day written notice did not entitle NAIC to avoid its obligation under the performance bond. Specifically, the Riecks cite the portion of the bond that states, "if [Dragon] shall promptly and faithfully perform [the construction contract], then this obligation shall be null and void; otherwise it shall remain in full force and effect." The Riecks assert that this language indicates that the only way NAIC will be relieved of its obligation under the performance bond is if Dragon fully performs the construction contract.

The Riecks' argument ignores their own obligations under the performance bond and the construction contract, which was incorporated by reference into the bond. In order to terminate Dragon for any of the causes listed in the construction contract, the Riecks were required to provide seven days' written notice to NAIC. An obvious reason for this requirement was to allow NAIC to exercise its right under the performance bond to participate in the selection of a successor contractor. Since the Riecks replaced Dragon with Solarcrete before informing NAIC that Dragon was to be terminated and without consulting NAIC as to the successor, NAIC was stripped of its contractual right to minimize its liability under the performance bond by ensuring that the lowest responsible bidder was selected to complete the job.

██ Under the material breach doctrine, "[a] party to a contract is discharged from his duty to perform where there is a material breach of the contract by the other party." *Susman v. Cypress Venture*, 187 Ill. App. 3d 312, 316, 543 N.E.2d 184, 187 (1989). A material breach occurs where the covenant not performed is of such importance that the contract would not have been made without it.

*Haisma v. Edgar*, 218 Ill. App. 3d 78, 86, 578 N.E.2d 163, 168 (1991). In this case, NAIC assumed the obligation to provide surety for the completion of the Riecks' hardware store. If Dragon were declared to be in default, NAIC would be entitled to select, or at the very least participate in selecting, the lowest bidding contractor to complete the project in order to mitigate its damages under the performance bond. Surely, NAIC would not have issued the surety bonds if it did not have the authority to protect itself through the selection of a successor contractor. Furthermore, the seven-day notice requirement is a means to provide for time to get the search for a successor contractor underway. We find the Riecks' failure to provide adequate notice of Dragon's termination and their hiring of a successor contractor before NAIC received the late notice stripped NAIC of its right to limit its liability and constituted a material breach of contract which rendered the surety bonds null and void.

The Riecks next contend that even if they committed a material breach of contract, NAIC waived its right to deny coverage under the bond because it did not respond to the late notice until after the completion of the project. However, it is well settled in Illinois that waiver is an affirmative defense that is itself waived if not specially pleaded, even though the evidence may support it. *Orchard Brook Home Ass'n, Inc. v. Joseph Keim Land Development Corp.*, 66 Ill. App. 3d 227, 233, 382 N.E.2d 818, 822-23 (1978); *Hartford Accident & Indemnity Co. v. D.F. Bast, Inc.*, 56 Ill. App. 3d 960, 962, 372 N.E.2d 829, 832 (1978) ("both waiver and estoppel must be specifically pleaded in the initial pleadings").

Here, the Riecks did not raise any specific pleading asserting the affirmative defense of waiver. The Riecks claim that their amended cross-complaint, as well as their response to Dragon's motion for summary judgment, adequately asserts waiver. This claim is without merit. Those documents merely state that NAIC failed to take any steps toward participating in the completion of the project. Waiver was never specifically asserted in any document before the circuit court. Indeed, the Riecks raised waiver for the first time here on appeal. Therefore, the Riecks have waived their defense of waiver. *Orchard Brook Home Ass'n*, 66 Ill. App. 3d at 233, 382 N.E.2d at 822-23; *Hartford Accident & Indemnity Co.*, 56 Ill. App. 3d at 962, 372 N.E.2d at 832.

■ In the consolidated appeal, NAIC contends that the circuit court erred in ordering the release of the letter of credit funds during the pendency of the Riecks' appeal. We agree. Not only did the order violate the circuit court's own prior ruling that any such release would not be made until resolution of the Riecks' appeal, but it also

violated the well-established rule that once an appeal is properly filed, the trial court is divested of jurisdiction with respect to that case. *Williamsburg Village Owners' Ass'n, Inc. v. Lauder Associates,* 200 Ill. App. 3d 474, 481, 558 N.E.2d 208, 212 (1990).

For the foregoing reasons, we affirm the circuit court of Cook County's ruling that the surety bonds are null and void due to the Riecks' material breach of contract. We further find that the circuit court's order granting Dragon's motion to release the letter of credit funds is void for lack of jurisdiction, and it is vacated.

Affirmed in part; reversed and vacated in part.

CAMPBELL, P.J., and GALLAGHER, J., concur.