72 N.J. Super. 360 (1962)
178 A.2d 243
PACKANACK LAKE COUNTRY CLUB AND COMMUNITY ASSOCIATION, A CORPORATION NOT FOR PECUNIARY PROFIT, PLAINTIFF,
v.
ALEXANDER D. DOIG DEVELOPMENT CO., AND ALEXANDER DOIG & SONS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 6, 1962.
*361 Mr. Charles W. Hutchinson for plaintiff (Messrs. Lamb, Langan & Blake, attorneys).
Mr. Herman Jeffer for defendants (Messrs. Hofstra & Hofstra, attorneys).
COLLESTER, J.S.C.
This matter is before the court upon the application of plaintiff Packanack Lake Country Club and Community Association, a nonprofit corporation (hereafter referred to as Community Association), for an interlocutory injunction, and upon a motion by defendants *362 Alexander D. Doig Development Co. and Alexander Doig & Sons (hereafter referred to as defendant Doig) for a summary judgment.
The undisputed facts contained in the verified complaint, supporting affidavits and answering affidavits are as follows:
On November 21, 1949 Packanack Homes, Inc., a corporation (hereafter referred to as Packanack Homes), conveyed a tract of land 50 by 115 feet fronting on Beechwood Drive in the Packanack Lake area of Wayne Township to one S. Hobart Lockett. At the time of said conveyance Packanack Homes retained title to several tracts of land located approximately 500, 600 and 1,100 feet from the property so conveyed.
The deed to Lockett contained a covenant whereby Lockett, the party of the second part named therein, "for themselves, their heirs and assigns" agreed not to erect a building or structure on the premises without the written consent of the party of the first part named therein, Packanack Homes, Inc., "its successors and assigns."
The deed thereafter recited that "The foregoing covenants, agreements and easement to run with the land and to be binding on the heirs and assigns of the party of the second part."
The deed further provided that the conveyance was subject to certain covenants and restrictions, "all of which shall run with the land," and a statement that "The restrictions herein are made for the benefits of the remaining lands of the party of the first part and are not to be applicable to other lots except as imposed thereon by the party of the first part."
Among the restrictions recited were provisions that:

"* * * * * * * *
d. No building of any kind shall be erected on said premises nearer than 25 feet from the road on which such lots front. No dwelling or other buildings shall be erected nearer than 12 feet from any sideline on a plot of 75 feet frontage or more. * * *

* * * * * * * *
*363 n. Buyer agrees to retain a frontage of not less than 75 feet.

* * * * * * * *"
"g. Plan of dwelling and lot plan showing proposed location shall be submitted to the membership committee of Packanack Lake Country Club and Community Association and its approval secured before work is begun."
On December 13, 1950 part of the remaining lands retained by Packanack Homes were conveyed to the plaintiff Community Association. On May 4, 1956 a certificate of dissolution for Packanack Homes, Inc. was filed in the office of the Secretary of State, and on April 19, 1957 the remaining lands retained by Packanack Homes, Inc. were conveyed by the trustees in dissolution of said corporation to plaintiff.
Prior to his purchase of the premises in question on November 21, 1949, Lockett had purchased a parcel of land to the rear thereof on which he had erected a dwelling.
Sometime prior to March 25, 1961 defendant Doig presented to the Community Association plans and specifications for the construction of a dwelling on the 50-foot tract conveyed to Lockett by Packanack Homes on November 21, 1949, and the Community Association approved the same.
Thereafter, on April 19, 1961 defendant Doig entered into a contract with the Morgan Guaranty Trust Company of New York, executor of the estate of S. Hobart Lockett, deceased, whereby Doig agreed to purchase the 50-foot tract "subject to covenants and restrictions of record, providing said covenants and restrictions do not render the title unmarketable," and "subject to the conditions, terms, restrictions and regulations contained in the deed of the premises hereinbefore described from Packanack Homes, Inc. to S. Hobart Lockett, dated November 21, 1949 * * *."
On April 26, 1961 defendant Doig entered into a contract with Guilbert Miner and wife for the erection of a dwelling on the property.
On July 22, 1961 plaintiff Community Association revoked its approval of the plans and specifications for a building *364 on the premises theretofore given to defendant Doig on March 25, 1961. The reason given for such revocation was the fact that plaintiff had not been aware that such 50-foot tract was subject to the covenants and restrictions which were contained in the Lockett deed.
On September 8, 1961 defendant Doig took title to the property by a deed from the executors of the Lockett estate. On October 15, 1961 Doig commenced the construction of a building upon said property.
On October 20, 1961 the trustees in dissolution of Packanack Homes, Inc., all of whom are members of plaintiff corporation, conveyed to plaintiff all right, title and interest of Packanack Homes, Inc. in any and all covenants, restrictions and conditions contained in any deed which had been made and delivered by the corporation in Wayne Township. On said date no title to real property remained in the name of Packanack Homes, Inc.
On the same date plaintiff notified Doig that plaintiff was the assignee and successor of the right, title and interest of Packanack Homes, Inc. in and to all covenants, restrictions and conditions contained in any deed made by Packanack Homes, Inc. which binds the lands and owners thereof in Wayne Township. Specifically referring to the covenants and conditions contained in the Lockett deed, plaintiff stated that no request for a written consent to erect a building on the premises had been made to plaintiff, or to Packanack Homes, Inc. or the latter's trustees in dissolution. Plaintiff advised defendant to desist in the construction of the building on the premises. Defendant did not comply with plaintiff's warning, and as a result the present action was instituted to secure injunctive relief.
Defendant's motion for summary judgment is based primarily upon the contention that plaintiff has no standing to seek enforcement of the covenant and the restrictions contained in the deed from Packanack Homes, Inc. to Lockett.
*365 It contends that the covenant requiring the consent of Packanack Homes, Inc. to erect a building upon the premises expired upon the dissolution of that corporation on May 4, 1956. It alleges that since Packanack Homes, Inc., the grantor in the Lockett deed, did not bind itself to impose similar covenants and similar restrictions contained in the Lockett deed in deeds of its remaining lands, such covenants and restrictions cannot be enforced by a grantee taking title to such remaining lands.
The argument by defendants that the fact that Packanack Homes, Inc. did not bind itself in the Lockett deed to impose similar covenants and similar restrictions in deeds for its remaining lands bars plaintiff's right to sue is misconceived. Such a requirement exists where the common scheme or plan of development is contemplated by the grantor. However, the common scheme or plan of development is only one method of granting to a subsequent grantee of a common grantor the right to sue a prior grantee where there are restrictive covenants contained in the deed. This concededly is not the contention of the plaintiff in the instant case. Here plaintiff contends that the benefit of the covenant and the restrictions was intended to become appurtenant to and to run with the title of the grantor's remaining lands, in which case a burden in the nature of an equitable easement would result.
As before stated, plaintiff acquired the remaining lands of Packanack Homes, Inc. in 1950 and 1957. Thus both the plaintiff and Lockett, defendant's grantor, acquired their respective properties from a common grantor.
The Lockett deed specifically recited that the covenant not to build upon the premises without the approval of Packanack Homes, Inc., its successors and assigns, was to run with the land and was to be binding on the heirs and assigns of the grantee. Was the covenant above referred to a personal covenant between Lockett and Packanack Homes, Inc., which terminated upon the corporate dissolution of the latter?
*366 It must be noted that this was not merely a covenant by and between S. Hobart Lockett, the grantee, and Packanack Homes, Inc., the grantor, but ran from Lockett, for himself, his heirs and assigns, to Packanack Homes, Inc., its successors and assigns. "Assigns," in common acceptance, comprehends all those who take either immediately or remotely from or under the assignor, whether by conveyance, devise, descent or act of law. Olson v. Jantausch, 44 N.J. Super. 380, 388 (App. Div. 1957).
Here plaintiff had acquired by deed the remaining lands of the common grantor. Plaintiff contends that as such grantee it became entitled to the benefit of the covenant which was made for the benefit of the remaining lands of Packanack Homes, Inc. From the language contained in the deed it is my opinion the restrictive covenant was included in the Lockett deed to benefit the remaining lands of Packanack Homes, Inc., and thus plaintiff, as grantee of said remaining lands, succeeded to the benefit of the restrictive covenant. This right reserved by Packanack Homes, Inc. was "appurtenant" to the property retained by Packanack Homes, Inc., the grantor, and passed with it by the conveyance made to plaintiff. Hemsley v. Marlborough House Co., 68 N.J. Eq. 596 (E. & A. 1904). See also Jennings v. Baroff, 104 N.J. Eq. 132 (E. & A. 1928).
In Coudert v. Sayre, 46 N.J. Eq. 386, 395 (Ch. 1890), the court stated:
"The doctrine now in force on this subject I understand to be this: that when it appears by the true construction of the terms of a grant that it was the well-understood purpose of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, no matter in what form such purpose may be expressed, whether it be in the form of a condition or covenant, or reservation or exception, such right, if not against public policy, will be held to be appurtenant to the land of the grantor, and binding on that conveyed to the grantee, and the right and burden thus created and imposed will pass with the lands to all subsequent grantees; and any grantee of the land to which such right is appurtenant acquires by his grant, a right to have the servitude or easement, or `right of *367 amenity,' as it is sometimes called, protected in equity, notwithstanding that his right may not rest on a covenant which, as a matter of law, runs with the title to his land, and notwithstanding that it may also be true that he may not be able to maintain an action at law for the vindication of his right."
It should be further noted that the "restrictions" contained in the Lockett deed were to run with the land, and that it was specifically provided that such restrictions were made for the benefit of the remaining lands of the grantor.
It is my opinion that the property in question has been subject to an equitable servitude (often referred to as an equitable easement) since the Lockett deed was made and delivered in 1949, and that it is enforceable by the succeeding owner of the Packanack Homes, Inc. lands, the dominant estate.
It necessarily follows in arriving at the aforesaid conclusion on defendant's motion for summary judgment that this court has based the same on the limited facts presented to it. It is noted that defendant contends that the lands owned by plaintiff are not located "in the area" of the premises in question and could not possibly be benefited by the enforcement of the covenant or the restrictions. This is denied by plaintiff, thereby raising an issue of fact that cannot be determined on this motion.
As to the validity of an "assignment" by the trustees in dissolution of Packanack Homes, Inc. to plaintiff, made on October 20, 1961 after Packanack Homes, Inc. no longer owned property, I am satisfied that such assignment transferred nothing to plaintiff. Plaintiff's right to enforce the covenant and restrictions, in my judgment, arises solely from its acquisition by deed of the remaining lands of Packanack Homes, Inc., such right being "appurtenant" to the property conveyed.
The defendant also contends that plaintiff is estopped from bringing this action as a result of its approval of the building plan submitted by defendant.
*368 It appears that defendant, knowing of the restrictions in the Lockett deed, presented its proposed building plans for approval by plaintiff sometime prior to March 25, 1961, when defendant had neither a legal nor equitable interest in the Lockett tract. On March 25, 1961 plaintiff approved the plans. Subsequently, on July 22, 1961, when plaintiff learned of the existence of the restrictions in the deed, it revoked its approval. Defendant did not accept title to the property until September 8, 1961 and did not commence the construction of the building until October 15, 1961.
I find no basis for any claim of estoppel under the foregoing facts.
On the legal issues presented to this court on defendant's motion for summary judgment I am of the opinion that plaintiff has a right to institute this proceeding. Accordingly, defendant's motion must be denied.
It has been established that defendant, before the entry of a restraining order issued by this court, had proceeded to excavate the ground and to complete the building foundation.
I am satisfied that plaintiff's application for an interlocutory injunctive order should be granted to maintain the status quo, so that the parties are in the same existing situation when the final decree is entered as they were when the litigation began. Peters v. Public Service Corp. of N.J., 132 N.J. Eq. 500, 511 (Ch. 1942); Christiansen v. Local 680, Milk Drivers, &c., 127 N.J. Eq. 215 (E. & A. 1939).
An appropriate order pursuant to R.R. 4:55-1 shall be presented.