FAIRWAYS OF COUNTRY LAKES TOWNHOUSE ASSOCIATION *et al.*, Plaintiffs-Appellants, *v.* SHENANDOAH DEVELOPMENT CORPORATION *et al.*, Defendants-Appellees.

Second District No. 82—602

Opinion filed April 8, 1983.—Rehearing denied May 9, 1983.

Robert L. Marsh, of Wheaton, for appellants.

Kenneth L. Popejoy, of Huck & Walsh, of Wheaton, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Fairways of Country Lakes Townhouse Association and Fairway of Country Lakes Homeowners Association, appeal from a summary judgment entered in favor of defendants, Shenandoah Development Corporation and Parkway Bank and Trust Company, and the denial of a summary judgment sought by plaintiffs. The parties do not dispute the facts giving rise to this litigation, but only their legal effect.

In 1974, developers known as the Richards Group, who are not parties to this action, owned a tract of land in Du Page County which, for clarity, will be discussed as two separate parcels, the Fairway and the Greens. The Richards Group constructed a townhome development on the Fairway, the present owners of which are members of plaintiff associations. After construction, the Richards Group recorded two declarations (hereinafter called Fairway Declarations) which, as amended, provided for the formation of the plaintiff associations for the purpose of maintaining the townhomes on the Fairway as well as maintaining and operating the amenities thereto, including the swimming pool, clubhouse and tennis courts.

As relevant, the two Fairway Declarations contained substantially similar provisions. Their preamble provided, in part:

NOW, THEREFORE, the Developer hereby declares that *only the real property described in Exhibit 'B'*, which is attached hereto and made a part of the Declaration (hereinafter referred to as the 'Premises') *and such additions thereto as may hereafter be made pursuant to paragraph 5.01*, is and shall be transferred, held, sold, conveyed and accepted subject to this Declaration of Covenants, Conditions, Restrictions and Easements.

The Developer does hereby further declare that the following rights, easements, covenants, restrictions, conditions, burdens, uses, privileges, charges and liens shall: (1) exist at all times hereafter among all parties having or acquiring any right, title or interest in any portion of the Premises; (2) be binding upon and inure to the benefit of each Owner (as further defined in paragraph 1.05); and (3) *run with the land subjected to this Declaration, to be held, sold and conveyed subject thereto.*" (Emphasis added.)

Exhibit "B" described the land comprising only the Fairway portions of the tract and did not include the Greens. However, paragraph 5.01 of the Fairway Declarations permitted the addition of other property in the tract providing, in part:

"*** *[t]he Developer* may, at its sole discretion, from time to time hereafter *add additional portions of the Proposed Development Area to the Premises* or the Common Area and improve the same respectively with Dwelling Units or Community Facilities. Developer is not obligated in any manner pursuant to this Declaration to annex any properties from the Proposed Development Area, and said decision to annex shall be at its sole discretion.

* * *

Where *the Developer* elects to annex additional properties from the Proposed Development Area to the Premises or Common Area, *said annexation shall be consummated by the recording of a Supplementary Declaration.* Said Supplementary Declaration shall contain, but not be limited to, the legal description of the property which is to be annexed to the Premises or Common Area." (Emphasis added.)

For purposes of the Fairway Declarations, the "Developer" was defined as follows:

"THE RICHARDS GROUP OF ILLINOIS, INC., a Delaware corporation, *and its successors and assigns*, or CHICAGO TITLE AND TRUST COMPANY, not personally but as Trustee under Trust Agreement dated June 12, 1973, and known as Trust No. 62371." (Emphasis added.)

After formation of the plaintiff associations and prior to any annexation of additional property to the Fairway Declarations, the Richards Group conveyed title to the remaining portion of the tract, the Greens, to Naper Venture, also a nonparty, which in turn, conveyed title to defendants. The defendants thereupon developed the Greens with townhomes similar to those constructed by the Richards Group on the Fairway. In June 1981, the defendants recorded a declaration (hereinafter called Greens Declaration) which established the Greens of Country Lakes Homeowners Association with stated purposes similar to those of plaintiff associations. The Greens Declaration contained almost identical language as the Fairway Declarations except that it applied only to the Greens portion of the tract and did not purport to reserve to its developer (Shenandoah Development Corp.) any right to annex additional property to the declaration.

Notwithstanding the foregoing, on January 11, 1982, defendants, as developers of the Greens, recorded a "Supplemental Declaration" which purported to annex the Greens property to the Fairway Declarations as provided therein. Plaintiffs objected and commenced this litigation seeking a declaratory judgment that the Supplemental Dec-

laration was void and of no effect. The parties filed cross-motions for summary judgment supported by affidavits and, after argument, the trial court found: (1) that the developer's right to annex property to the Fairway Declarations ran with the land to defendants; (2) that the defendants were developers within the meaning of the Fairway Declarations; (3) that the Greens Declaration was valid but did not constitute an annexation of the land to the Fairway Declarations; and (4) that the Supplemental Declaration was a valid annexation of the Greens to the Fairway Declarations and therefore nullified the Greens Declaration to the extent that the prior document created a separate homeowners association. On this basis, the court denied plaintiffs' motion and entered summary judgment for the defendants.

On appeal, plaintiffs contend: (1) that the right to annex additional property to the Fairway Declarations did not run with the land but rather was an unexercised personal right of the original developer, the Richards Group; (2) that the defendants are not successors or assigns of the Richards Group for the purpose of exercising the annexation rights contained in the Fairway Declarations; (3) that the filing of the Greens Declaration bars defendants from filing the Supplemental Declaration through the doctrines of *laches* and estoppel; and (4) the trial court improperly considered portions of certain affidavits offered in support of defendants' motion for summary judgment.

Initially, we consider whether the provisions of the Fairway Declarations which allowed the initial developer to annex additional land are covenants which run with the land to its successors in title or were personal rights of the original developer. Generally, covenants will be strictly construed so that they will not extend beyond that which is expressly stipulated and all doubts must be resolved in favor of the free use of property and against restrictions. (*Gatton v. Page* (1976), 44 Ill. App. 3d 559, 562, 358 N.E.2d 685, 687; *Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 904-05, 278 N.E.2d 813, 816.) The paramount rule for construction of a covenant is to give effect to the actual intent of the parties as of the time the covenant was made as understood from the whole document construed under the circumstances surrounding its execution. (*Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 904-05, 278 N.E.2d 813, 816; see also *Southern Advertising Co. v. Sherman* (1957), 43 Tenn. App. 323, 308 S.W.2d 491; *Carranor Woods Property Owners' Association v. Driscoll* (1957), 106 Ohio App. 95, 153 N.E.2d 681.) In the present case, however we are not dealing with a covenant *per se*, but rather, with a reservation of a right to bring additional property within the terms of the covenants contained in the Fairway Declarations.

This court has considered analogous provisions which provided for the unilateral modification or revocation of restrictive covenants already imposed upon land by a developer. In those situations, we held that such reserved powers to modify or revoke restrictive covenants contained in a deed are personal covenants which can be exercised only by the one who imposed the restrictions, particularly where the power can be exercised without the consent of the property owner. (*Orchard Brook Home Association, Inc. v. Joseph Keim Land Development Corp.* (1978), 66 Ill. App. 3d 227, 231, 382 N.E.2d 818, 821; *Fox Lake Hills Property Owners Association v. Fox Lake Hills, Inc.* (1970), 120 Ill. App. 2d 139, 145, 256 N.E.2d 496, 499.) In these cases it was determined that once the title to the property passed from the hands of the one holding such a reservation of rights, the power can no longer be exercised by him or any other person notwithstanding that the declaration provided that all covenants were to run with the land. See also *Richmond v. Pennscott Builders, Inc.* (1964), 43 Misc. 2d 602, 251 N.Y.S.2d 845; *Packanack Lake Country Club & Community Association v. Alexander D. Doig Development Co.* (1962), 72 N.J. Super. 360, 178 A.2d 243; Annot., 4 A.L.R.3d 570 (1965, 1982 Supp.).

■■ We see no basis for interpreting the provisions of the Fairway Declarations differently and consider that the disputed provisions established a personal right to be exercised only by the original developer. The Fairway Declarations applied only to the Fairway property and thus impliedly excluded the Greens property. Although the original developer reserved the right to bring the Greens property within the terms of the Fairway Declarations, it did not do so, and, at the time the Greens property was transferred to defendants, no restrictions or covenants applied to that property through operation of the Fairway Declarations. Under these circumstances, we cannot say that any rights or obligations under the Fairway Declarations ran with the title to the Greens Property as such an interpretation would extend the terms of the declaration beyond its express scope. (*Kessler v. Palmeri* (1972), 3 Ill. App. 3d 901, 278 N.E.2d 813.) Accordingly, the trial court erred in finding that the reservation of rights ran with the land.

■■ ■ Defendants alternately contend that they, as "successors and assign" of the Richards Group, are the "developers" as defined in the Fairway Declarations thus capable of exercising the annexation rights provided therein. We do not agree. Generally, the purchase of one corporation's property by another does not subject the purchasing corporation to the liabilities of the seller nor does it entitle it to exer-

cise the seller's rights unrelated to the property. (*Johnson v. Marshall & Huschart Machinery Co.* (1978), 66 Ill. App. 3d 766, 768, 384 N.E.2d 141, 143, *appeal denied* (1979), 74 Ill. 2d 586; *Buis v. Peabody Coal Co.* (1963), 41 Ill. App. 2d 317, 322, 190 N.E.2d 507, 510.) Such rights only accrue where there has been a consolidation or merger of the corporation or the purchasing corporation is merely a continuation of the seller. (*Johnson v. Marshall & Huschart Machinery Co.* (1978), 66 Ill. App. 3d 766, 768, 384 N.E.2d 141, 143, *appeal denied* (1979), 74 Ill. 2d 586.) Such is not the case here. The record reflects that the defendants merely purchased title to the Greens property from Naper Venture, who purchased it from the Richards Group. There has been no merger of the corporations nor are defendants the continuation of any prior titleholder. The fact that defendants are willing to voluntarily assume the obligations imposed by the Fairway Declarations does not give them the legal right to exercise rights contained therein. Defendants' argument, taken to its logical conclusion, would permit any number of persons who may have acquired portions of the Greens property, instead of the one corporation here, to separately choose to exercise the rights of the developer and annex his property on a piecemeal basis. Such an intention cannot be found within the Fairway Declarations, and we may not supply it. (*Orchard Brook Home Association, Inc. v. Joseph Keim Land Development Corp.* (1978), 66 Ill. App. 3d 227, 231-32, 382 N.E.2d 818, 821.) Accordingly, the finding of the trial court that the defendants were developers within the meaning of the Fairway Declarations was error.

In view of these conclusions plaintiff's further arguments need not be considered.

For these reasons, the judgment of the circuit court of Du Page County is reversed and the cause remanded with directions that summary judgment in favor of plaintiffs be entered.

Reversed and remanded.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.