41446. ARMSTRONG et al. v. ROBERTS et al.
(325 SE2d 769)

GREGORY, Justice.

In October 1979, the developer of Ashton Woods Subdivision, Sturgis Development Company (Sturgis), made and filed with the Clerk of Cobb Superior Court protective covenants for the benefit of those buying homes in the subdivision. These covenants purport to regulate uses which may be made of the individual lots. Paragraph four of these covenants states, in relevant part, "no building shall be located on any lot nearer than fifty (50) feet to the front lot line, unless approved in writing by Sturgis Development Company, Inc." In May 1983, Sturgis sold the lot which is the subject of this appeal to Audry and Howard Oldmixon. Neither Sturgis nor the Oldmixons are a party to this appeal. According to the plaintiffs, this was the last lot Sturgis owned in the subdivision. In September 1983, defendant, a builder, obtained a written waiver from the president of Sturgis Development Company to modify the set-back line on this lot from fifty to thirty-five feet. The defendant thereafter began constructing a residence on this lot. At about the same time the Oldmixons conveyed the lot to the defendant. Plaintiffs, who own the adjacent lot, filed suit, praying for an interlocutory injunction to stop construction, and for damages. In alleging Sturgis' waiver of the set-back restriction was invalid, plaintiffs rely on *Richmond v. Pennscott Builders, Inc.*, 251 NYS2d 845 (1964), and *Fairways of Country Lakes v. Shenandoah Dev. Corp.*, 447 NE2d 1367 (Ill. App. 2 Dist. 1983), which hold that a developer has no authority to waive set-back restrictions contained in covenants running with the land after divesting himself of his interest in the subdivision. The trial court denied the interlocutory injunction and this appeal followed.

While the law is certain that a developer may retain the right to waive restrictions contained in protective covenants, *Davis v. Miller*, 212 Ga. 836 (96 SE2d 498) (1957); *Thompson v. Glenwood Community Club,* 191 Ga. 196 (12 SE2d 623) (1940),[1] the parties concede there is no Georgia authority clearly controlling a situation in which a developer waives such restrictions after he has divested himself of ownership in the subdivision. We acknowledge the New York and Illinois cases cited by plaintiffs. The rule announced in those authorities

---

[1] It is not clear whether the developers in these cases had an interest in the property at the time they waived restrictions contained in the protective covenants.

is a reasonable one. So long as the developer owns an interest in the subdivision being developed his own economic interest will tend to cause him to exercise a right to waive restrictions in a manner which takes into account harm done to other lots in the subdivision. There is some economic restraint against arbitrary waiver. After the developer has divested himself of all interest in the subdivision this economic restraint is lacking. We adopt the New York and Illinois rule. A developer of a subdivision who reserved the authority to waive restrictions in covenants running with the land no longer possesses that authority after divesting himself of his interest in the subdivision.

While the foregoing is the rule of law to be applied in this case, other considerations come to bear on the matter of injunctive relief.

In considering "an application for an interlocutory injunction there should be a balancing of the conveniences and a consideration of whether greater harm might be done by refusing than by granting the injunction." *Davies v. Curry*, 230 Ga. 190, 193-4 (196 SE2d 382) (1973). An "injunction should be refused where its grant would operate oppressively on the defendant's rights." *MARTA v. Wallace*, 243 Ga. 491, 495 (254 SE2d 822) (1979).

Balancing the equities in this case, we take into consideration the following circumstances. Construction of the residence in question began April 9, 1984. By April 12, the layout of the residence was completed and on April 26 the foundation was poured. On May 15, plaintiffs, by letter, notified defendant that they considered him in violation of the protective covenants and on June 6, they filed suit for an injunction and damages. During this period the defendant continued construction of the residence.

Plaintiffs' complaint is that the placement of defendant's house blocks their view and diminishes the value of their property. The record is unclear as to whether it would have been *feasible* to construct the house within the set-back requirements prescribed by the protective covenants. Nonetheless, defendant's position is that he acted reasonably in seeking the waiver from Sturgis. Nothing in the record indicates the contrary.

There is every indication in the record that, had the request for a waiver been made at the proper time, Sturgis would have complied. Nothing in the record suggests that Sturgis' decision to waive the set-back restriction four months after the sale of the lot was arbitrary or capricious, nor that the restriction was waived for any reason other than to accommodate the construction of this dwelling on an "awkward lot layout." Additionally, we note that plaintiffs were aware of the developer's authority to waive the set-back restrictions when they purchased their lot in the subdivision. Balancing the circumstances of this case, we conclude they are in favor of denying the injunction. Therefore, we affirm the denial of injunctive relief and remand for

further action consistent herewith.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

## DECIDED FEBRUARY 20, 1985.

*Hansell & Post, R. Matthew Martin,* for appellants.
*Davis, Matthews & Quigley, Kenneth I. Sokolov,* for appellees.