A96A0864. FRAZIER et al. v. DEEN et al.
(470 SE2d 914)

BLACKBURN, Judge.

David Frazier, Thomas Ledford, James McDaniel, and Henry Oxley (referred to collectively as plaintiffs) appeal the trial court's order which granted the defendants' motion for summary judgment. Plaintiffs brought the underlying action seeking an injunction against Jerry Deen, as trustee for Tanner-Deen Motors Profit Sharing Plan & Trust (the builder). By their complaint, plaintiffs contended that defendants Gayle Chapman, William Walden, Thomas Walden, Emily McAfee, and First State Bank & Trust Company, as executor under the will of William Haley, deceased (collectively referred to as the developers) improperly changed the restrictive covenants governing their subdivision.

The facts construed most favorably to the nonmovant plaintiffs indicate that the plaintiffs live in Lake Park "C" Addition to Section One, a subdivision created by the developers. The subdivision is governed by recorded protective covenants which originally required that garages and carports be entered from the side or rear of the house. On May 26, 1994, the developers sold the remaining eight lots in the subdivision to the builder. In December 1994, the builder requested that the developer amend the protective covenants in order to allow front entrance garages with electronic doors on three of the lots purchased. The builder made the request to maximize the square footage size of the houses because two of the lots were only 90 feet wide and the third lot was in the curve of the cul-de-sac. On December 16, 1994, the developers amended the covenants to allow the front entrance garage on the three affected lots. The amended covenants were filed on December 29, 1994. Plaintiffs filed their complaint on February 22, 1995.

Although plaintiffs recognize that the developers retained the right and privilege to alter or change the protective covenants when deemed advisable for the best interest of the subdivision, plaintiffs contend that the developers lost this right when they sold all of the lots in the subdivision. In *Armstrong v. Roberts*, 254 Ga. 15, 16 (325 SE2d 769) (1985), the Georgia Supreme Court adopted the New York

and Illinois rules which provide that "[a] developer of a subdivision who reserved the authority to waive restrictions in covenants running with the land no longer possesses that authority after divesting himself of his interest in the subdivision." The developers argue that they did not completely divest themselves of their interest in the subdivision because Lake Park "C" Addition to Section One is actually only one phase of a much larger development under construction. While it is not disputed that the developers own and are presently developing much of the land surrounding Lake Park "C" Addition to Section One, it is also not disputed that the covenants here involved govern only Lake Park "C" Addition to Section One and do not refer to any other part of a larger development. Therefore, the developers divested themselves of their interest as developers in the Lake Park "C" Addition to Section One subdivision when they sold their remaining lots to the builder. According to *Armstrong*, the developers had no authority to alter the covenants after they divested themselves of their interest. Id. However, also according to *Armstrong*, this determination does not end our inquiry.

In *Armstrong*, the developer waived a set-back restriction contained in the covenants after he sold his last lot to the builder therein involved. Id. at 15. The owners of the adjacent lot filed suit seeking an interlocutory injunction to stop construction and for damages. Id. Although the Court recognized that the developer had no authority to waive the set-back restriction after he had divested himself of his interest in the subdivision, the Court actually affirmed the trial court's denial of the injunction due to "a balancing of the conveniences and a consideration of whether greater harm might be done by refusing than by granting the injunction." (Punctuation omitted.) Id. at 16. The Court determined that the waiver was not given for arbitrary or capricious reasons but because of the awkward lot layout. Id.

In the present case, no evidence was presented to suggest that the waiver of the garage placement covenant was in any way arbitrary and capricious.[1] The evidence indicated that the waiver was granted so that larger, more expensive homes could be built on the lots affected, thereby increasing the value of the neighborhood. The record on appeal contains no evidence regarding any harm suffered by the plaintiffs. The plaintiffs offer no evidence of decrease in property values or of detriments to the appearance of the neighborhood. In fact, one of the plaintiffs testified that he would have put his ga-

---

[1] In *Armstrong*, the Court recognized that "[s]o long as the developer owns an interest in the subdivision being developed his own economic interest will tend to cause him to exercise a right to waive restrictions in a manner which takes into account harm done to other lots in the subdivision." In the present case, we note that the developers' ownership of the surrounding development provides some economic restraint against arbitrary waiver.

rage facing the front if it had been allowed by the covenants. However, he did not request a waiver of the covenants as was done in the present case. "Balancing the circumstances of this case, we conclude they are in favor of denying the injunction." Id. at 16. Therefore, based on the undisputed facts, the trial court did not err in granting defendants' motions for summary judgment.[2]

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 15, 1996.

*Farkas, Ledford & Perry, Leonard Farkas,* for appellants.

*Watson, Spence, Lowe & Chambless, Stephen S. Goss, L. Clayton Smith, Jr.,* for appellees.

---

[2] This case involved the request for an injunction; therefore, we do not address the plaintiffs' ability to obtain monetary damages should they be requested and proven.