# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

AJG Holdings, LLC, Stalvey Holdings, LLC, David Croyle, Linda Croyle, Jean C. Abbott, Lynda T. Courtney, Sumter L. Langston, Diane Langston, Carl B. Singleton, Jr., Virginia M. Owens and Stoney Harrelson, Respondents,

v.

Levon Dunn, Pamela S. Dunn and Robin H. Sasser and Charles E. Sasser, as Personal Representatives for the Estate of Helen Sasser, Petitioners.

Appellate Case No. 2011-188346

_____

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

_____

Appeal from Georgetown County
The Honorable John M. Milling, Circuit Court Judge

_____

Opinion No. 27455
Heard October 8, 2014 – Filed October 22, 2014

_____

## AFFIRMED

_____

Stephen P. Groves, Sr., of Charleston, for Petitioners.

Jack M. Scoville, Jr., of Georgetown, for Respondents.

_____

**PER CURIAM:** We granted certiorari to review the court of appeals' decision in *AJG Holdings, LLC v. Dunn*, 392 S.C. 160, 708 S.E.2d 218 (Ct. App. 2011). We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 350, 628 S.E.2d 902, 907 (Ct. App. 2006) ("[A] developer may reserve to himself, in his sole discretion, the right to amend restrictive covenants . . . provided five conditions are met: (1) the right to amend the covenants or impose new covenants must be unambiguously set forth in the original declaration of covenants; (2) *the developer, at the time of the amended or new covenants, must possess a sufficient property interest in the development*; (3) the developer must strictly comply with the amendment procedure as set forth in the declaration of covenants; (4) the developer must provide notice of amended or new covenants in strict accordance with the declaration of covenants and as otherwise may be provided by law; and (5) the amended or new covenants must not be unreasonable, indefinite, or contravene public policy." (emphasis added)); *see McLeod v. Baptiste*, 315 S.C. 246, 247, 433 S.E.2d 834, 835 (1993) ("[A] grantor lacks standing to enforce a covenant against a remote grantee when the grantor *no longer owns real property* which would benefit from the enforcement of that restrictive covenant." (emphasis added) (citation omitted)); *see also Armstrong v. Roberts*, 254 Ga. 15, 16, 325 S.E.2d 769, 770 (1985) ("So long as the developer owns an interest in the subdivision being developed his own economic interest will tend to cause him to exercise a right to waive restrictions in a manner which takes into account harm done to other lots in the subdivision. There is some economic restraint against arbitrary waiver. After the developer has divested himself of all interest in the subdivision this economic restraint is lacking. . . . . A developer of a subdivision who reserved the authority to waive restrictions in covenants running with the land no longer possesses that authority *after divesting himself of his interest in the subdivision*." (emphasis added)); *Richmond v. Pennscott Builders, Inc.*, 251 N.Y.S.2d 845, 849 (Sup. Ct. 1964) ("A right reserved to release restrictions cannot be exercised after the reserver has conveyed all of his land and thus, used to ruin all of the property of others who have bought and improved their land on the faith of the restrictions. Accordingly, the provision in the deed restrictions here involved, reserving to [the developer] the right to waive such restrictions by written consent, could be exercised by it *only so long as it retained part of the tract in its possession*." (emphasis added) (internal quotations and citations omitted)).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**