**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Glenda R. Couram, Respondent,

v.

Nationwide Mutual Insurance Company, Titan Indemnity Company, Eugene Matthews, in his individual capacity, Sherwood Tidwell, Sherwood Plumbing SVC, LLC, Beatrice T. Tidwell, and Rick Skurko in his official and individual capacity,

of whom Nationwide Mutual Insurance Company, Titan Indemnity Mutual Insurance, and Eugene Matthews are, Petitioners.

Appellate Case No. 2022-000251

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Richland County
G. Thomas Cooper Jr., Circuit Court Judge

---

Memorandum Opinion No. 2022-MO-009
Submitted September 20, 2022 – Filed October 5, 2022

---

**REVERSED**

---

Pamela Jean Larson, of Womble Bond Dickinson, LLP, of Columbia, for Petitioners Nationwide Mutual Insurance Company and Titan Indemnity Company.

Eugene Hamilton Matthews, of Columbia, *pro se* Petitioner.

Glenda Couram, *pro se* Respondent.

---

**PER CURIAM:** The court of appeals reversed a Rule 12(b)(6), SCRCP, order dismissing petitioners Nationwide Insurance Company, Titan Indemnity Company, and attorney Eugene Matthews without mentioning the basis on which the order was entered as to the petitioners. As we will explain, the court of appeals erred. We grant the petition for a writ of certiorari, dispense with briefing, reverse the court of appeals, and reinstate the Rule 12(b)(6) order as to the petitioners.

Glenda Couram was injured in an automobile accident she alleged was caused by Sherwood Tidwell. Couram brought a separate lawsuit against Tidwell in circuit court for damages arising out of that accident. That case eventually went to trial with Couram representing herself pro se. The trial court granted Tidwell a directed verdict as to punitive damages, and on June 16, 2017, a jury awarded Couram $1,000 in actual damages. The court of appeals reversed the judgment entered on that verdict on the ground the trial judge should not have directed a verdict as to punitive damages, and remanded for a new trial. *Couram v. Tidwell*, 2021-UP-367 (S.C. Ct. App. Oct. 27, 2021). We granted Tidwell's petition for a writ of certiorari in that case, dispensed with briefing, and affirmed as modified, clarifying that the case was remanded for a new trial only as to punitive damages. *Couram v. Tidwell*, S.C. Sup. Ct. Order dated Sept. 19, 2022.

In this lawsuit, Couram—again representing herself pro se—brought negligence and negligent entrustment claims against Tidwell, his employer, and his wife. Couram also brought claims for intentional infliction of emotional distress and civil conspiracy against Nationwide, Titan, attorney Matthews, and others. In Couram's Amended Complaint, she alleged that after a mediation in the other case in which "Nationwide continued to disregard the laws of South Carolina by refusing to go any higher than 20K despite proof of medical bills and other evidence," "Defendant Eugene Matthews entered the picture and [sic] a second subpoenaed request for plaintiff's employment records causing the plaintiff additional suffering." Other than this, there is no specific mention in the Amended Complaint of anything the

insurance companies or attorney Matthews did or did not do that could give rise to liability. The rest of the Amended Complaint contains only conclusory allegations such as "The malicious and/or oppressive conduct of the Defendants Matthews and for Nationwide," and "The Attorney for Nation [sic] and Matthews met several times in full view in fact ensured she saw them outside the courthouse, inside the court housing [sic] – even when neither were required to be present on the day of the meetings . . . ," and "The Defendants played with the plaintiff like she was a mouse in a trap to such an extent that the injury manifested itself in a fever blister that remained four days after the trial."

All defendants moved to dismiss under Rule 12(b)(6), SCRCP. In an order filed April 20, 2018, the circuit court granted the motion and dismissed this lawsuit as to all defendants. As to Tidwell, his employer, and his wife, the circuit court relied on the judgment entered on the June 16, 2017 jury verdict in the other case and ruled Couram's claims in this case were barred by claim and issue preclusion. As to Nationwide, Titan, and attorney Eugene Matthews, the circuit court relied on other grounds:

- On the question of whether Couram alleged outrageous conduct, the circuit court found, "Plaintiff's allegations demonstrate that Defendants used lawful means to defend their insured . . . and offered the Plaintiff less than she desired to settle her prior lawsuit." From this the circuit court concluded, "As a matter of law, Plaintiff's factual allegations against Nationwide and Titan fall short of the outrageous conduct required for an emotional distress claim." *See Bass v. S.C. Dep't of Soc. Servs.*, 414 S.C. 558, 575, 780 S.E.2d 252, 260-61 (2015) (requiring a plaintiff claiming intentional infliction of emotional distress to establish "the conduct was so 'extreme and outrageous' so as to exceed 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community'" (quoting *Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 475, 710 S.E.2d 67, 74 (2011))). This portion of the order does not specifically mention attorney Matthews, but, as mentioned above, there are no allegations against attorney Matthews that differ from those against Nationwide and Titan.

- On the question of whether Couram alleged emotional distress so "severe" that "no reasonable man could be expected to endure it," the circuit court found Couram's allegations were insufficient and concluded, "Therefore, as a matter of law, Plaintiff has failed to allege sufficiently severe emotional distress to support her claim." *See Bass*, 414 S.C. at 575, 780 S.E.2d at 261 (requiring a plaintiff claiming intentional infliction of emotional distress to

establish "the emotional distress suffered by the plaintiff was 'severe' such that 'no reasonable man could be expected to endure it'" (quoting *Argoe*, 392 S.C. at 475, 710 S.E.2d at 74)).

- On the question of whether Couram alleged a civil conspiracy, the circuit court found, "Nowhere in the civil conspiracy section of her Complaint does Plaintiff set forth what these alleged 'wrongful acts' or 'unlawful acts' committed by Defendants are."  From this the circuit court concluded, "Therefore, the alleged 'wrongful acts complained of . . . must mean those acts previously alleged in the 'Facts Common to all Causes of Action' section of Plaintiff's Complaint.  Thus, Plaintiff's civil conspiracy claim fails as a matter of law . . . ."  *See AJG Holdings LLC v. Dunn*, 392 S.C. 160, 167-68, 708 S.E.2d 218, 222-23 (Ct. App. 2011) (requiring a plaintiff "show that the acts in furtherance of the conspiracy were separate and independent from other wrongful acts alleged in the complaint"), *aff'd*, 410 S.C. 346, 764 S.E.2d 912 (2014).

- On the question of whether Couram alleged the civil conspiracy defendants acted for the purpose of injuring her, the circuit court found Couram failed to make sufficient allegations because "the insurer['s] . . . primary purpose was to properly defend its insured, not to injure the Plaintiff."  *See AJG Holdings LLC*, 392 S.C. at 167, 708 S.E.2d at 222 (stating civil conspiracy plaintiffs are "required to demonstrate that two or more persons combined for the purpose of injuring . . . them").  The circuit court did not specifically mention attorney Matthews on this point, but again, there are no allegations against attorney Matthews that differ from those against Nationwide and Titan.

For the reasons stated in the bullet-pointed paragraphs, the circuit court granted the Rule 12(b)(6) motion as to Nationwide, Titan, and attorney Matthews.

The court of appeals reversed the 12(b)(6) order as to all defendants, relying only on its decision to reverse the punitive damages ruling in the other case.  *Couram v. Nationwide Mut. Ins. Co.*, 2021-UP-373 (S.C. Ct. App. Nov. 3, 2021).  The court of appeals stated, "In light of our recent opinion in *Couram v. Tidwell*, 2021-UP-367 (S.C. Ct. App. Oct. 27, 2021), Couram's present action is not barred by the doctrine of res judicata or collateral estoppel because a final judgment on the merits does not exist."  *Id.*  No other analysis was given, and in particular, the court of appeals gave no explanation as to how its reversal of the judgment in the other case could possibly affect the Rule 12(b)(6) order in this case dismissing Nationwide, Titan, or attorney Matthews.  Thus, the court of appeals' only stated reason for reversing in this case

has nothing whatsoever to do with the portion of the Rule 12(b)(6) order addressing Nationwide, Titan, and attorney Matthews.

In our view, the circuit court was correct to dismiss Nationwide, Titan, and attorney Matthews. There is nothing in Couram's allegations that make this an intentional infliction of emotional distress or civil conspiracy case against anybody, particularly these petitioners. Therefore, we reverse the court of appeals and reinstate the Rule 12(b)(6) dismissal order as to petitioners Nationwide, Titan, and attorney Matthews.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**